```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VCA PARTITIONS, INC.,

                    Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            13-CV-3655(JS)(ARL)
SCOTTSDALE INSURANCE COMPANY,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Vincent T. Pallaci, Esq.
                   Jeffrey A. Lhuillier, Esq.
                   Kushnick Pallaci PLLC
                   445 Broad Hollow Road, Suite 124
                   Melville, NY 11747

For Defendant:     Eileen H. de Callies, Esq.
                   Ann Odelson, Esq.
                   Carroll, McNulty & Kull
                   570 Lexington Avenue, 8th Floor
                   New York, NY 10022
```

SEYBERT, District Judge:

Plaintiff VCA Partitions, Inc. ("Plaintiff" or "VCA") commenced this declaratory judgment action against defendant Scottsdale Insurance Company ("Defendant" or "Scottsdale"), seeking a declaration that Defendant must defend and indemnify Plaintiff in an underlying lawsuit currently pending in New York State Supreme Court. (Compl., Docket Entry 1, ¶¶ 7-11.) Currently pending before the Court are the parties' cross-motions for summary judgment. (Docket Entries 22, 25.) For the following reasons, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND[1]

### I. Factual Background

#### A. The Underlying Incident and Litigation

The instant action arises out of an underlying lawsuit captioned <u>Carlyle Noel and Kimberly Noel v. 28-30 Purchase Street LLC, et al.</u>, which was commenced in the Supreme Court of New York (Index No. 596117/2011) (the "Underlying Action"). (Def.'s 56.1 Stmt., Docket Entry 16-2, ¶ 1; Compl. ¶ 7.) In February 2009, Plaintiff entered into an agreement with DHI Construction Services Inc. ("DHI") to provide certain construction labor and material for a project located in Rye, New York. (Pl.'s Br., Docket Entry 26, at 3.) It is alleged in the Underlying Action that, on May 12, 2009,[2] underlying Plaintiff Carlyle Noel ("Noel"), an employee of VCA, was injured when he fell from a ladder while working at a construction site

---

[1] The following facts are drawn from the parties' Local Civil Rule 56.1 Statements ("Def.'s 56.1 Stmt." And "Pl.'s 56.1 Counterstmt." and "Pl.'s 56.1 Stmt." and "Def.'s 56.1 Counterstmt.") and their evidence in support. Any factual disputes will be noted.

[2] It is apparent from all the evidence presented to the Court, including the Plaintiff's Complaint, that the date of Noel's accident was May 12, 2009. However, throughout Plaintiff's 56.1 Statement, it refers to the date of the incident as May 14, 2009, which Defendant disputes throughout its 56.1 Counterstatement. (<u>See</u> Def.'s 56.1 Counterstmt., Docket Entry 16-4, ¶¶ 7-9, 11, 14-15, 17-19.) The Court will construe Plaintiff's May 14, 2009 date as a typo, as Plaintiff's own brief states the May 12, 2009 date as the date of the incident. (<u>See</u> Pl.'s Br. at 3.)

2

located at 28-30 Purchase Street, Rye, New York. (Def.'s 56.1 Stmt. ¶ 2; Compl. Underlying Action, de Callies Decl., Ex. B, Docket Entry 24-2, ¶¶ 86, 89.) The Complaint in the Underlying Action contains claims for negligence, violation of New York Labor Law §§ 200, 240(1), 241(6), violations of the Industrial Code, and a derivative claim on behalf of Noel's wife. (Def.s 56.1 Stmt. ¶ 3.) On March 14, 2013, DHI, a third-party defendant in the Underlying Action, commenced a fourth-party action against VCA, by which it sought inter alia, contractual indemnification from VCA. (Fourth-Party Compl., de Callies Decl., Ex. S, Docket Entry 24-18, ¶¶ 20-22.)

VCA's President, Christopher Lusterino ("Lusterino"), learned of the accident on the day that it occurred (Def.'s 56.1 Stmt. ¶ 6), and that same day, was advised that Noel was taken by ambulance to the hospital. (Def.'s 56.1 Stmt. ¶ 7.) On that same day, May 12, 2009, Lusterino also notified a representative of DHI to advise them of the accident. (Def.'s 56.1 Stmt. ¶ 8.) Following the alleged accident, Noel was unable to work for approximately eight to sixteen weeks. (Def.'s 56.1 Stmt. ¶ 10.) Between the time of the accident and November 2009, Aspen Insurance Company ("Aspen"), the liability insurer for DHI, (Def.'s Br., Docket Entry 23, at 1), contacted Lusterino on multiple occasions "to make sure that they weren't going to get sued or any kind of claim being brought up against DHI," "[t]o a

3

point where it became annoying." (Lusterino Recorded Stmt., de Callies Decl., Ex. D, Docket Entry 24-4, at 12:7-9, 12:2-3.)

B. The Policy

Defendant issued Plaintiff Commercial General Liability Insurance Policy No. CLS1536360 (the "Policy"), for the period of October 8, 2008 through October 9, 2009. (Def.'s 56.1 Stmt., ¶ 12.) The Policy has limits of $1 million each occurrence ($2 million general aggregate) and is subject to a $500 per claim deductible. (Def.'s 56.1 Stmt. ¶ 13.) The Policy contains an Insuring Agreement that provides, in part:

> SECTION I – COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

(Def.'s 56.1 Stmt. ¶ 14.)

The Conditions Section of the Policy provides, in part:

> 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
>    a. You must see to it that we are notified as soon practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>       (1) How, when, and where the "occurrence" or offense took place;
>
>       (2) The names and addresses of any injured persons or witnesses; and
>
>       (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

(Def.'s 56.1 Stmt. ¶ 18.)

C. <u>Notice to Scottsdale and Disclaimer of Coverage</u>

Notice regarding the May 12, 2009 incident, was first provided to Defendant by a party on November 25, 2009; six months after the alleged accident. (Def.'s 56.1 Stmt. ¶ 19.) More specifically, in a November 19, 2009 letter, Aspen, tendered the defense and indemnification of DHI to Scottsdale, pursuant to DHI's contract with VCA and as an additional insured. (Nov. 19, 2009 Aspen Letter, de Callies Decl., Ex. J, Docket Entry 24-9.)

Scottsdale retained Frontier Adjusters of Huntington Station ("Frontier") to perform an investigation regarding a possible late notice defense. (Def.'s Br. at 4.) Frontier reported to Defendant that Plaintiff was aware of the alleged

accident on the date that it occurred. (Frontier Claim File, de Callies Decl., Ex. K, Docket Entry 24-10.) On December 17, 2009. Defendant disclaimed coverage to VCA in connection with underlying accident based on, inter alia, late notice.[3] (Def.'s 56.1 Stmt. ¶ 20.)

On February 25, 2013, counsel for VCA wrote to Defendant and enclosed a claim letter from DHI to VCA. (Kushnick Pallaci Feb. 25, 2013 Letter, de Callies Decl., Ex. H, Docket Entry 24-7.) Defendant responded in a March 6, 2013 letter, once again reiterating its disclaimer of coverage based on, among other things, late notice. (Mar. 6, 2013 Letter, de Callies Decl., Ex. I, Docket Entry 24-9.)

Plaintiff commenced this declaratory judgment action on June 28, 2013. (See Compl.) Defendant filed its answer on July 31, 2013. (Answer, Docket Entry 4.) On October 30, 2014, the parties cross-moved for summary judgment. (Docket Entries 22, 25.)

---

[3] Plaintiff disputes this statement and maintains that notice was timely because "Defendant received notice of the alleged accident on November 25, 2009, 195 days after the incident occurred and 743 days prior to any claim being filed in regards to the May 14, 2009 alleged incident." (Pl.'s 56.1 Counterstmt., Docket Entry 16-3, ¶ 19.)

6

DISCUSSION

The Court will first address the applicable legal standard on a motion for summary judgment before turning to the parties' arguments.

I. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2512. To defeat

summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256, 106 S. Ct. at 2514). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact."). "The same standard applies where, as here, the parties filed cross-motions for summary judgment . . . ." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citing Terwilliger v. Terwilliger, 206 F.3d 240, 244 (2d Cir. 2000)). Thus, even if both parties move for summary judgment and assert the absence of any genuine issues of material fact, "a district court is not required to grant judgment as a matter of law for one side or the other." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993). "Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citation omitted).

II. Notice

Under New York law, which governs this diversity action, timely notice is a condition precedent to coverage. Am. Ins. Co. v. Fairchild Indus., Inc., 56 F.3d 435, 438 (2d Cir. 1995); see also White v. City of N.Y., 81 N.Y.2d 955, 957, 615 N.E.2d 216, 217, 598 N.Y.S.2d 759 (1993) ("The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage.") (quoting Unigard Sec. Ins. Co. v. N. River Ins. Co., 79 N.Y.2d 576, 581, 594 N.E.2d 571, 573, 584 N.Y.2d 290 (1992)). New York courts have, on numerous occasions, ruled that an insured's inexcusable delay in providing notice of a claim excuses the insurer's obligation to provide coverage. E.g., Briggs Ave. LLC v. Ins. Corp. of Hannover, 11 N.Y.3d 377, 382, 899 N.E.2d 947, 949, 870 N.Y.S.2d 841 (2008).

"Where a policy of liability insurance requires that notice of an occurrence be given as soon as practicable, such notice must be accorded the carrier within a reasonable period of time." Great Canal Realty Corp. v. Seneca Ins. Co., 5 N.Y.3d 742, 743, 833 N.E.2d 1196, 1997, 800 N.Y.S.2d 521 (2005) (internal quotation marks and citation omitted); see also E. Baby Stores, Inc. v. Cent. Mut. Ins. Co., 337 F. App'x 10, 12 (2d Cir. 2009) (same). New York courts have routinely held that when an insurance policy requires notice to be provided as soon

as practicable, delays of as little as one to four months were not within a reasonable period of time as a matter of law. Am. Home Assur. Co. v. Republic Ins. Co., 984 F.2d 76, 78 (2d Cir. 1993) (36 day delay); Chicago Ins. Co. v. Halcond, 49 F. Supp. 2d 312, 320 (S.D.N.Y. 1999) (38 day delay); Deso v. London & Lancashire Indem. Co. of Am., 3 N.Y.2d 127, 131, 143 N.E.2d 889, 891, 164 N.Y.S.2d 689 (1957) (51 day delay); Avery & Avery, P.C. v. Am. Ins. Co., 51 A.D.3d 695, 697, 858 N.Y.S.2d 319, 321 (2d Dep't 2008) (four month delay); Evangelos Car Wash, Inc. v. Utica First Ins. Co., 45 A.D.3d 727, 727, 845 N.Y.S.2d 458 (2d Dep't 2007) (three and a half month delay); Heydt Contracting Corp. v. Am. Home Assur. Co., 146 A.D.2d 497, 499, 536 N.Y.S.2d 770, 772 (1989) (four month delay); Power Auth. v. Westinghouse Elec. Corp., 117 A.D.2d 336, 342, 502 N.Y.S.2d 420, 423 (1st Dep't 1986) (53 day delay).

An untimely delay may be found inexcusable as a matter of law "when either no excuse is advanced or a proffered excuse is meritless." Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 287 (2d Cir. 2003) (quoting Olin Corp. v. Ins. Co. of N. Am., 966 F.2d 718, 724 (2d Cir. 1992)). The insured bears the burden of showing any delay was excusable under the circumstances. Id.; Security Mut. Ins. Co. v. Acker-Fitzsimmons Corp., 31 N.Y.2d 436, 441, 293 N.E.2d 76, 78-79, 340 N.Y.S.2d 902, (1972).

The test for determining whether a notice provision has been triggered in the first instance is "whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim." Sparacino v. Pawtucket Mut. Ins. Co., 50 F.3d 141, 143 (2d Cir. 1995); see also Rockland Exposition, Inc. v. Great Am. Assur. Co., 746 F. Supp. 2d 528, 540 (S.D.N.Y. 2010) ("[W]here coverage is unclear, reasonable insurance-holders give notice."). A good faith belief in non-liability is generally not a defense to a failure to provide notice of a claim. Fairchild, 56 F.3d at 439; but see Reynolds Metal Co. v. Aetna Cas. & Sur. Co., 259 A.D.2d 195, 201, 696 N.Y.S.2d 563, 568 (3d Dep't 1999). In the context of the question when notice of an occurrence is due, however, a good faith belief in non-liability may excuse some delay. Argentina v. Otsego Mut. Fire Ins. Co., 86 N.Y.2d 748, 750, 655 N.E.2d 166, 167, 631 N.Y.S.2d 125 (1995); Reynolds Metal, 259 A.D.2d at 199-200, 696 N.Y.S.2d at 567 ("[A]n insured's good-faith belief in non-liability, when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim.") (internal quotation marks and citation omitted). An insured must, however, "exercise reasonable care and diligence to keep [itself] informed of accidents out of which claims for damages may arise." Security Mut. Ins. Co., 31 N.Y.2d at 441, 293

11

N.E.2d at 78-79.  Whether or not a policyholder has a good faith belief in non-liability is normally a question of fact.  Reynolds Metal, 259 A.D.2d at 200, 696 N.Y.S.2d at 567; see also Argentina, 86 N.Y.2d at 750, 655 N.E.2d at 167.

Each insurance policy imposes a separate contractual duty on the insured to provide notice.  Sorbara Constr. Corp. v. AIU Ins. Co., 11 N.Y.3d 805, 806, 897 N.E.2d 1054, 1055, 868 N.Y.S.2d 573 (2008).  The fact that an insurer may have actual notice from another source does not relieve the insured of its separate contractual obligation to provide notice.  See id.; Ocean Partners, LLC v. N. River Ins. Co., 25 A.D.3d 514, 515, 810 N.Y.S.2d 430, 431 (1st Dep't 2006); Travelers Ins. Co. v. Volmar Constr. Co., 300 A.D.2d 40, 44, 752 N.Y.S.2d 286, 289-90 (1st Dep't 2002).  An insurer is not deemed to have received notice by learning of the occurrence giving rise to a claim from a third party.  Ins. Co. of the State of Penn. v. Argonaut Ins. Co., No. 12-CV-6494, 2013 WL 4005109, at *10 (S.D.N.Y. Aug. 6, 2013); Heydt Contracting, 146 A.D.2d at 499, 536 N.Y.S.2d at 772.  Thus, an insurer need not demonstrate prejudice to successfully invoke a defense of late notice.  See AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Indus., Inc., 84 F.3d 622, 624-25 (2d Cir. 1996); Briggs, 11 N.Y.3d at 382, 899 N.E.2d at 949.

12

Defendant moves for summary judgment arguing that Plaintiff failed to comply with the Policy's timely notice requirement and that Plaintiff had no reasonable excuse for its delay. (Def.'s Br. at 6, 9.) Plaintiff contends that it had no reason to believe that a claim would be asserted and therefore it gave notice as soon as practicable. (Pl.'s Br. at 6-7.) For the reasons set forth below, the Court grants Defendant's motion because Plaintiff's provision of notice was untimely and its delay was inexcusable as a matter of law.

Defendant's Policy contained a condition that obligated Plaintiff to give notice "as soon as practicable" following "an occurrence or an offense which may result in a claim." (Def.'s 56.1 Stmt. ¶ 18.) Under New York law, this meant that Plaintiff was required to give Defendant notice of the occurrence "within a reasonable period of time." <u>Great Canal Realty</u>, 5 N.Y.3d at 743, 833 N.E.2d at 1197. Noel's alleged accident occurred on May 12, 2009. Plaintiff does not dispute that it first gave Defendant notice of the accident on November 25, 2009, more than six months after the alleged incident. (Pl.'s 56.1 Counterstmt. ¶ 19.) Plaintiff asserts that its duty to provide notice was not triggered until it became aware of a claim and the fact that it may have potential legal liability as a result. (Pl.'s Br. at 11.) As set forth above, numerous courts interpreting the same "as soon as

practicable" language used in the notice provision of Defendant's Policy have found significantly shorter delays to be untimely as a matter of law. E.g., Am. Home Assur. Co., 984 F.2d at 78 (finding 36 day delay to be an unreasonable amount of time).

While a reasonable, good faith belief in non-liability may excuse some delay when the issue relates to the insured's notice of an occurrence, Otsego Mut., 86 N.Y.2d at 750, 655 N.E.2d at 167, and normally the issue of good faith belief is a question of fact, id., Plaintiff's excuse is insufficient as a matter of law. Plaintiff's President was aware of the alleged accident on the date that it occurred and put DHI on notice of the incident that very same day. (Def.'s 56.1 Stmt. ¶¶ 7,8.) Further, between May 12, 2009, the date of the alleged accident, and November 2009, Aspen, DHI's liability insurer, contacted Lusterino several times to ensure that they would not be sued. (Lusterino Recorded Stmt. at 12:7-9, 12:2-3.) Both knowledge of the incident on the date that it occurred, plus having the possibility of litigation raised by another insurance carrier, put Plaintiff on roughly equal notice of the circumstances giving rise to a potential claim. There is no reasonable basis upon which Plaintiff, moreover, fails to cite any authority for the proposition that a duty of notice is triggered only once the insured is informed of a claim against it. Because Plaintiff

has offered no other justification for its delayed notice, it has failed to carry its burden of demonstrating that the delay was excusable under the circumstances. As stated above, the information known to Plaintiff in May 2009 would have suggested to a reasonable person the possibility of a claim, and that is all that is required to trigger a duty of notice under New York law. Sparacino, 50 F.3d at 143.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion is DENIED. The Clerk of the Court is directed to enter judgment accordingly and CLOSE this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March __31__, 2016
         Central Islip, New York